IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALPHA COGNETICS LLC; ALPHA                                        PLAINTIFFS
COGNETICS TECH LLC

V.                                                CAUSE NO. 3:18-CV-440-CWR-FKB

ROGER BLOUCH; SUSAN BLOUCH;                                       DEFENDANTS
ADVANCED HF SOLUTIONS, INC.

**ORDER**

In this case, the plaintiffs allege that the defendants learned about their intellectual property (the design of a "compact dipole antenna used in radio communications") through an employment relationship, stole that intellectual property, patented that intellectual property as if it were their own, and then used the wrongfully-obtained patent to interfere with the plaintiffs' business. The plaintiffs seek injunctive, monetary, and declaratory relief.

The plaintiffs are Mississippi companies. The defendants are Texas residents who argue that this Court lacks personal jurisdiction over them. The familiar legal standard applies. *See Jordan v. Maxfield & Oberton Holdings LLC*, 173 F. Supp. 3d 355, 361 (S.D. Miss. 2016).

The analysis is straightforward for defendant Roger Blouch. While an executive of the plaintiffs, Blouch traveled to Mississippi at least three times: once to install an antenna at a hospital, and twice to pick up a fellow executive en route to other states on business travel. Those are sufficient contacts, and sufficiently related to the allegations in this case, to support specific jurisdiction over Blouch. *See Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625-28 (5th Cir. 1999).

Susan Blouch also had a business relationship with the plaintiffs. She had a 10% interest in plaintiff Alpha Cognetics Tech LLC and received at least 50 checks from the plaintiffs, some

of which were apparently written to her for her husband's work. That is sufficient to establish minimum contacts with Mississippi for this lawsuit.

Susan Blouch presses that she lacks the necessary contacts with Mississippi because she was physically here only once—to go shopping while her husband performed work for the plaintiffs. In *Walden v. Fiore*, however, the Supreme Court held that "physical presence in the forum is *not* a prerequisite to jurisdiction." 571 U.S. 277, 285 (2014) (emphasis added). Perhaps more relevant here is the Court's careful observation that a defendant's "physical entry into the State" could be accomplished "in person *or* through an agent, goods, mail, or some other means." *Id.* (emphasis added). The paper trail in this case suggests that Susan Blouch sent her agent Roger Blouch to Mississippi, then cashed the checks written out for the fruits of his labors.

We return to the Fifth Circuit. In *Guidry*, the court held that:

> When a nonresident defendant commits a tort within the state, *or an act outside the state that causes tortious injury within the state*, that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to exercise personal adjudicative jurisdiction over the tortfeasor and the causes of actions arising from its offenses or quasi-offenses. Even an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct.

188 F.3d at 628 (emphasis added).

To the extent her continuing business and financial relationship with the plaintiffs was not enough, Susan Blouch is also subject to personal jurisdiction under this standard. In applying for and receiving (as co-inventor) the design patent now alleged to be the fraudulent misappropriation of the plaintiffs' intellectual property, she committed an out-of-state act highly likely to cause tortious injury within the state.

The same reason suggests that jurisdiction is appropriate over defendant Advanced HF Solutions, Inc., which is Roger and Susan Blouch's Texas corporation. It was a June 20, 2018 email from Roger Blouch—acting on behalf of Advanced HF Solutions—which allegedly defamed the plaintiffs and interfered with their business.

The motion to dismiss is denied. Within 14 days, the defendants shall respond to the pending motion for preliminary injunction.

**SO ORDERED**, this the 28th day of August, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE